## GORDON *v.* RANDLE.

**ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.**

No. 229. Argued April 7, 1903.—Decided April 27, 1903.

Under the rules of the Supreme Court of the District of Columbia, the January terms begin on the first Tuesday of January. The effect of January 1 being a holiday, when it falls on Tuesday, is not to prolong an October term which ends on December 31, and postpone the commencement of the January term until January 8, but only to postpone the exercise by the court of its duties until the following day.

It is too late, therefore, after January 1, to make a motion to prolong the October term, which motion under the rules must be made before the end of that term.

The rule prolonging the term is to be exercised when invoked; there is no duty imposed upon the court to prolong the term of its own motion.

THE case is stated in the opinion of the court.

*Mr. S. Herbert Giesy* for plaintiff in error. *Mr. Holmes Conrad* was on the brief.

*Mr. J. J. Darlington* for defendant in error.

MR. JUSTICE MCKENNA delivered the opinion of the court.

The purpose of this writ is to review an order of the Court of Appeals of the District of Columbia, made March 12, 1901, denying a petition for mandamus to require Andrew C. Bradley, at that time an Associate Justice of the Supreme Court of the District of Columbia, to settle a bill of exceptions.

The plaintiff in error brought suit against defendant in error, in the Supreme Court of the District of Columbia, on the 20th day of April, 1897, to recover the sum of $5900, on several causes of action. They need not be described nor the defences which were interposed to them. It is enough to say that upon the issues made a verdict resulted for defendant in error, on the 16th of November, 1900.

On December 14, 1900, a motion for new trial was made by plaintiff and denied by the court, and judgment entered on the verdict. The plaintiff prayed for and was allowed an appeal to the Court of Appeals of the District. The case was tried and judgment entered at October term, 1900, which expired December 31, 1900, unless it had been continued, and this resulted, it is contended, from the following proceedings: On the 7th day of January, 1901, the plaintiff through his attorney deposited with the clerk fifty dollars in lieu of a bond on appeal, and moved the court that October term be prolonged by adjournment in order to prepare a bill of exceptions. The motion was overruled on the ground that October term had ended on the 31st of December, 1900. Notice was given by the attorney for the plaintiff that he would present the "bill of exceptions to the court for settlement before Justice Bradley in the Circuit Court number 2." The bill was presented in pursuance of the notice, but Justice Bradley declined to settle the bill on the ground that October term had not been prolonged. The petition now under review was then presented to the Court of Appeals praying "that the writ of mandamus may issue, requiring Andrew C. Bradley, an Associate Justice of the Supreme Court of the District of Columbia, to settle the bill of exceptions in this cause." The petition was dismissed.

The rule of the court in regard to bills of exceptions is as follows:

"Sec. 2. The bill of exceptions must be settled before the close of the term, which may be prolonged by adjournment in order to prepare it, but not longer than thirty-eight days, exclusive of Sundays, save in case of a trial begun during a term but not concluded until after the expiration of the term,

in which case the trial justice may extend the term in his discretion in order to prepare a bill of exceptions."

The case presents some anomalies. The mandamus was prayed against Justice Bradley for refusing to act officially, but the citation in error was directed to Arthur E. Randle, and he alone is defendant in error here. He was a party in the original cause, but not a party in the proceedings for mandamus. Making him a party here is attempted to be justified by the death of Justice Bradley and the action of the Court of Appeals in not entertaining the petition for mandamus. The immediate answer would seem to be that mandamus is itself an action, and can only, like other actions, be prosecuted against the parties to it, and that one of two effects resulted from the death of Justice Bradley, either the action abated or could only be continued against the person who succeeded to his office and duty.

But passing this, we think the main contention of plaintiff in error is untenable. The argument of plaintiff is that the purpose of the rule was to allow thirty-eight days for the settlement of bills of exceptions, and to afford time to do so the rule provided that the term might be prolonged by adjournment, and the duty of prolonging the term was imposed on the court. We do not so interpret the rule. It provided the means for parties to secure the necessary time to present bills of exceptions. The court was not required to anticipate the intention of parties. Its duty under the rule, like its other duties, was to be exercised when invoked.

But it is also insisted that a motion to prolong the term was made in time. The argument to support this is that October term did not end on the 31st of December, 1900, but continued until the 7th of January, 1901, because by Rule 3 of the Supreme Court of the District of Columbia the January terms of the Circuit Court commence on the first Tuesdays in January, and that the first Tuesday of January, 1901, fell on the first of January, which, being a holiday, and therefore, as it is insisted, a *dies non*, the term did not commence until the following Tuesday, the 8th of January. We cannot concur in the contention. The term commenced on the first of January

and the only effect of the holiday was to deprive the court of the power of doing any business and to discharge those who had been required to attend until the succeeding day, when the general duties and powers of the court could be legally exercised. It follows, therefore, that there was no error in refusing to settle the bill of exceptions, and the petition for mandamus was properly denied.

*Order affirmed.*